UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MAST HILL FUND, L.P.,
    *Plaintiff,*

v.

ALAN HIXON, SUSAN CONNER, LISA MCLIN, KELLY HOPPING, and LARRY KING,
    *Defendants.*

Case No. _____

### NOTICE OF REMOVAL

Defendants Alan Hixon, Susan Conner, Lisa McLin, Kelly Hopping, and Larry King (collectively, "Defendants") hereby remove the state court action brought by Plaintiff Mast Hill Fund, L.P. ("Plaintiff") and captioned *Mast Hill Fund, L.P. v. Alan Hixon, et al.*, Civil Action No. 2582CV01364 (the "2025 Massachusetts Action") from the Norfolk County Superior Court of the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1334(b) and 1452(a) and Federal Rule of Bankruptcy Procedure 9027. In further support of removal, Defendants state as follows:

### BACKGROUND

1. Defendants are former directors and officers of nDivision Inc. ("nDivision"), a Texas-based corporation which provided, together with its subsidiary nDivision Services, Inc. ("Services"), information technology services. Services, a Texas corporation, was also headquartered in Texas.

2. On June 17, 2022, nDivision and Services (collectively, the "Debtors") both filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Northern District of Texas ("Bankruptcy Court"), with the proceedings captioned as *In re nDivision Inc.*,

1

No. 22-31062-MVL-7 (Bankr. N.D. Tex.) (filed June 17, 2022) and *In re nDivision Services Inc.*, No. 22-31063-MVL-7 (Bankr. N.D. Tex.) (filed June 17, 2022), respectively. The Debtors' bankruptcy cases have since been substantively consolidated as *In re nDivision Inc.*, No. 22-31062-MVL-7 (Bankr. N.D. Tex.).

3. Scott Seidel was appointed as the Chapter 7 Trustee (the "Trustee") for the Debtors' bankruptcy estate on June 17, 2022. *See* Case No. 22-31062-MVL-7, Doc. 3.

4. In the course of administering the bankruptcy estate on behalf of creditors, the Trustee took legal ownership of all potential property of the estate.

5. On August 30, 2022, the Trustee asserted potential claims against Defendants in their capacities as former directors and officers of nDivision. The Trustee's claims implicated a directors and officers liability insurance policy ("D&O Policy") issued by AXIS Insurance Company ("AXIS") to the Debtors which named Debtors and Defendants as named insureds. *See* **Exhibit A,** a true and accurate copy of the Trustee's August 30, 2022 letter to AXIS entitled "Notice of Facts and Circumstances" (docketed as Doc 35-2 in Case 22-31062-MVL-7 and filed on 12/15/2022).

6. The Trustee's claims against the Defendants were, in relevant part, factually identical to the claims asserted by Plaintiff in the 2025 Massachusetts Action. Specifically, the Trustee asserted allegations concerning the circumstances by which Plaintiff was allegedly improperly induced to invest $500,000 in nDivision on May 4, 2022, including Plaintiff's receipt of and reliance upon a March 29, 2022 Due Diligence Questionnaire (the "DDQ") concerning nDivision's financial condition, and the alleged failure of nDivision and its CEO (one of the Defendants) to "inform[] Mast Hill Fund that [nDivision] had sought bankruptcy advice while negotiating with Mast Hill Fund to invest an unsecured $500,000 in [nDivision]." *See generally*

2

*id.*, including but not limited to pars. e, h, j, k. The Trustee specifically alleged that nDivision and its CEO (one of the Defendants) "were negligent and/or breached their fiduciary duties in failing to review or correct the DDQ." *Id.* at par. e. "Based on the facts and circumstances relating to … Mast Hill Fund's investment in [nDivision], the Bankruptcy Trustee provide[d] notice that it may allege that [nDivision's] officers' actions or omissions have caused damage to creditors and it may make a Claim for Loss as defined under the [AXIS D&O] policy" for the benefit of all creditors of the bankruptcy estate, including Plaintiff. *Id.*

7. The Trustee thereafter did, in fact, pursue the claims as alleged against Defendants for the benefit of all creditors of the bankruptcy estate, including Plaintiff.

8. Following mediation conducted on June 4, 2024, and in order to avoid the expense and uncertainty of litigation, the Trustee and Defendants entered into a "Settlement and Release Agreement" dated July 10, 2024 (the "Settlement Agreement") pursuant to which the Trustee agreed to settle, resolve, and release all claims of the bankruptcy estate against Defendants including all claims and causes of action, "known or unknown, that have been or could have been asserted against the [Defendants]."

9. On July 11, 2024, the Trustee filed an "Unopposed Motion For Entry of Order Approving Settlement Agreement Pursuant to Bankruptcy Rule 9019 and Authorizing Actions Consistent Therewith" (the "Unopposed Settlement Motion") seeking Bankruptcy Court approval of the Settlement Agreement pursuant to Bankruptcy Rule 9019. *See* **Exhibit B**, a true and correct copy of the Trustee's Unopposed Settlement Motion (docketed as Doc. 64 in Case 22-31062-MVL-7 and filed on 7/11/2024). The Settlement Agreement was attached as "Exhibit A-1" to the Unopposed Settlement Motion. *See id.* (Doc. 64 at 12-18).

10. As indicated in the Unopposed Settlement Motion's Certificate of Service, notice of the Settlement Motion was provided to all of the estate's creditors, including Plaintiff. *See id.* (Doc. 64 at 8).

11. Following hearings on December 17, 2024 and January 21, 2025, the Bankruptcy Court (Larson, J.) issued an Order on February 6, 2025 (the "Order") finding the Settlement Agreement to be "in the best interests of the Debtors' estate, [and] its creditors" (including Plaintiff); approving the Settlement Agreement "in all respects"; and authorizing the Trustee and Defendants "to take all actions necessary to effectuate [its] terms." *See generally* **Exhibit C**, a true and correct copy of the Order (docketed as Doc. 86 in Case 22-31062-MVL-7 and filed on 2/6/2025). The Settlement Agreement is attached as "Attachment A-1" to the Order. *See id.* (Doc. 86 at 3-9).

12. Pursuant to the Settlement Agreement and Order, AXIS paid settlement funds to the Trustee on behalf of Defendants, and the Trustee, the bankruptcy estate, and both Debtors released Defendants from any and all claims, causes of action, and liabilities that were or could have been asserted by the estate, whether known or unknown. *See generally id.* (Doc. 86 at 5-6).

13. The Settlement Agreement and Order therefore released Defendants from all claims and causes of action, known or unknown, that were or could have been asserted against Defendants specifically related to Plaintiff's investment of $500,000 in nDivision on May 4, 2022 due to the Defendants' alleged negligence and/or other misconduct as directors and officers of nDivision.

14. The United States Bankruptcy Court for the Northern District of Texas expressly retained jurisdiction to enforce the Settlement Agreement and the Order. *Id.* (Doc. 86 at 2, ¶4 ("This Court shall retain jurisdiction to enforce the terms of the Settlement Agreement and this Order.")).

15. The Debtors' bankruptcy proceedings remain ongoing and pending in the United States District Court for the Northern District of Texas.

16. In fact, Plaintiff, as an unsecured creditor, has filed a proof of claim in Debtors' bankruptcy proceedings with respect to its $500,000 investment in nDivision. *See* Case No. 22-31062-MVL-7, Claim No. 26. To date, Plaintiff's proof of claim, which it filed on November 8, 2022, remains pending and has not been resolved by the Bankruptcy Court.

## THE 2025 MASSACHUSETTS ACTION

17. Plaintiff Mast Hill Fund, L.P. commenced the 2025 Massachusetts Action by filing a Complaint in Norfolk County Superior Court, which pleading was docketed on December 12, 2025.[1]

18. On December 16, 2025, Defendants, through their counsel, accepted service of process. Attached hereto as **Exhibit D** is a true and correct copy of the state court Complaint, Civil Action Cover Sheets, and Summonses served via email upon Defendants through counsel on December 16, 2025 related to the state court action.

19. Attached hereto as **Exhibit E** is a true and correct copy of the Defendants' December 17, 2025 Acceptance of Service of Process provided by Defendants' counsel to

---

[1] Plaintiff asserted identical claims against Defendants in an earlier suit filed in this Court on June 30, 2025. *See Mast Hill Fund, L.P. v. Alan Hixon et al.*, Case No. 1:25-cv-11866-BEM (D. Mass.). On December 3, 2025, the earlier lawsuit was dismissed without prejudice after Plaintiff conceded that the jurisdictional basis it had alleged – diversity jurisdiction pursuant to 28 U.S.C. §1332 – did not exist. *See id.*, at ECF Nos. 22, 23 (Orders) (Murphy, D.J.).

Plaintiff's counsel which, upon information and belief, was filed by Plaintiff with the state court. It reflects that, by agreement and stipulation, Defendants have through January 23, 2026 to move, object, or otherwise respond to the Complaint. *Id.* at 2.

20. In the Complaint, Plaintiff asserts two causes of action against Defendants. Just as the Trustee previously asserted in the bankruptcy proceedings, Plaintiff asserts a tort claim against Defendants sounding in negligence. *Compare* Ex. A *with* Ex. D, Compl., Count II. Plaintiff also asserts a statutory securities claim styled as a Massachusetts state law claim. *See* Ex. D, Compl., Count I. But both claims asserted by Plaintiff are plainly the same claims, predicated on the same factual allegations, that implicate assets of Debtors' bankruptcy estate and belong to the estate, arise under the Bankruptcy Code, and that were asserted, resolved, and released by the Trustee, Debtors, and the bankruptcy estate, pursuant to the Settlement Agreement and Order entered by the United States Bankruptcy Court for the Northern District of Texas, in Debtors' bankruptcy proceedings for the benefit of all creditors, including Plaintiff.

21. Specifically, Plaintiff asserts allegations concerning the circumstances by which Plaintiff was allegedly improperly induced to invest $500,000 in nDivision on May 4, 2022, including Plaintiff's receipt of and reliance upon the March 29, 2022 DDQ concerning nDivision's financial condition, and the alleged failure of Defendants to inform Plaintiff that nDivision had sought bankruptcy advice while negotiating with Plaintiff to invest an unsecured $500,000 in nDivision. *See, e.g.*, Ex. D, Compl., ¶¶ 1-2, 19-34, 39, 42-44, 46-47, 51-57.

22. The Complaint expressly acknowledges the Debtors' bankruptcy proceedings in the United States Bankruptcy Court for the Northern District of Texas and, in fact, attaches and repeatedly references various filings and schedules from the bankruptcy action. *See* Ex. D, Compl., ¶¶ 2, 20-21, 24, 31, 33, 39, 42-43, 45, 53-54 & Ex. 6.

**BASIS FOR REMOVAL**

23. This action is properly removed to this Court under 28 U.S.C. §§ 1334(b) and 1452(a) because the two claims asserted in the 2025 Massachusetts Action are proceedings arising under title 11, or arising in or related to cases under title 11 – *viz.*, Debtors' bankruptcy proceedings pending in the United States Bankruptcy Court for the Northern District of Texas.

24. 28 U.S.C. § 1452(a) provides, in relevant part, that "[a] party may remove any claim or cause of action in a civil action … to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).

25. 28 U.S.C. § 1334(b), in turn, provides, in relevant part, that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

26. Though styled as Massachusetts state law claims, the two causes of action asserted by Plaintiff in the 2025 Massachusetts Action arise under the Bankruptcy Code and/or arise in or relate to Debtors' bankruptcy cases because, *inter alia*, they implicate bankruptcy estate assets (including the AXIS D&O Policy) belonging to (and already settled by) Debtors' bankruptcy estate, and because they implicate the Order issued by the Bankruptcy Court approving the Settlement Agreement "in all respects", over which the Bankruptcy Court retained jurisdiction.

27. Plaintiff's claims in the 2025 Massachusetts Action are duplicative of the claims asserted by the Trustee against Defendants, which were resolved and released – along with any other known or unknown claims – through the Settlement Agreement and by Order of the Bankruptcy Court.

7

28. The factual allegations underpinning both claims asserted in 2025 Massachusetts Action not only relate but are essentially identical to the same alleged misconduct that formed the basis of the Chapter 7 Trustee's asserted claims against Defendants in Debtors' bankruptcy case.

29. In the bankruptcy proceedings, the Trustee identified, pursued, and resolved through settlement all known and unknown claims and potential claims against Defendants, including specifically any claims based on alleged misrepresentations and omissions made in connection with, among other things, the DDQ and related investment materials provided to Plaintiff specifically and precipitating Plaintiff's investment in nDivision. *See* Ex. A.

30. The Trustee's August 30, 2022 letter specifically identified Plaintiff as a creditor allegedly harmed by the same alleged misstatements and omissions now pled by Plaintiff in its state court Complaint, including alleged negligence, misrepresentations, omissions, or other misconduct concerning nDivision's cash position, revenues, undisclosed liabilities, and failure to disclose the company's engagement of bankruptcy counsel prior to closing Plaintiff's investment. *Id.* at 3-4.

31. The Trustee's asserted claims against Defendants implicating the AXIS D&O Policy belonging to the bankruptcy estate were compromised and resolved pursuant to the Settlement Agreement approved by Order of the Bankruptcy Court on February 6, 2025.

32. Resolution of Plaintiff's claims necessarily requires interpretation of the scope and effect of the Settlement Agreement and the Bankruptcy Court's Order approving that agreement, including whether Plaintiff's claims are, as Defendants contend, duplicative of, precluded, and otherwise impacted by claims that were asserted, resolved, and released by the bankruptcy estate and adjudicated by the Bankruptcy Court via the Order.

33. The United States Bankruptcy Court for the Northern District of Texas expressly retained jurisdiction to enforce the terms of the Settlement Agreement and its Order. Determining whether Plaintiff's claims are barred, limited, or otherwise affected by the Settlement Agreement and the Order requires that Court's interpretation and enforcement of the Order according to its plain terms and directly relates to the ongoing administration of the bankruptcy estate by the Bankruptcy Court.

34. Plaintiff's alleged claims against the Defendants concern matters affecting the administration of the Debtors' estate. Plaintiff's claims against the Defendants raise issues with respect to the allowance or disallowance of claims against the Debtors' estate in bankruptcy, and interests in property of such estate. Accordingly, this action, upon removal and referral and/or transfer to the Bankruptcy Court, will be a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (B).

35. Accordingly, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and removal is proper under 28 U.S.C. § 1452.

36. Further, all other procedural requirements necessary for removal have been satisfied.

37. Exhibits D and E contain all process and pleadings served upon the Defendants or believed by Defendants to have been filed in the 2025 Massachusetts Action.

38. Defendants are timely filing this Notice within 30 days of the filing of the Complaint and their receipt of the Summonses and Complaint, and within the time for filing this notice.

39. Defendants will promptly file a copy of this Notice with the Clerk of the Norfolk County Superior Court, and will promptly serve a copy of the Notice of Removal on Plaintiff.  A

copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit F** and is incorporated herein.

40. Defendants will file or cause to be filed a certified or attested copy of the state court record with this Court within twenty-eight (28) days after the filing of this Notice in accordance with Local Rule 81.1(a).

41. All Defendants join in and file this Notice of Removal and therefore all Defendants consent to removal. All Defendants further consent to entry of a final judgment or order by a bankruptcy court insofar as any claims asserted in this removed action are non-core.

42. Lastly, the District of Massachusetts is the proper (and only possible) forum for removal of the 2025 Massachusetts Action. *See* 28 U.S.C. §§ 101 ("Massachusetts constitutes one judicial district."), 1452(a) (removal must occur "to the district court for the district where such civil action is pending"); Fed. R. Bankr. P. 9027(a)(1) (similar). Defendants note, however, that this matter, following removal to the District of Massachusetts, should be transferred to the United States Bankruptcy Court for the Northern District of Texas pursuant to, and so that Court may interpret and enforce, the Order.

WHEREFORE, Defendants give notice that this matter is removed from the Norfolk County Superior Court of the Commonwealth of Massachusetts, and is now properly before the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1334(b) and 1452(a) and Federal Rule of Bankruptcy Procedure 9027.

Defendants,

**ALAN HIXON, SUSAN CONNER, LISA MCLIN, KELLY HOPPING, and LARRY KING,**

By their attorneys,

/s/ Christian B.W. Stephens
Christian B.W. Stephens (BBO #666097)
Matthew J. Baker (BBO #698819)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
2 International Place, 16th Floor
Boston, MA 02110
Tel:   (617) 342-6842
Fax:   (617) 342-6899
cstephens@eckertseamans.com
mbaker@eckertseamans.com

Dated: January 9, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those parties which are non-registered participants.

Dated:  January 9, 2026                 /s/ Christian B.W. Stephens
                                        Christian B.W. Stephens (BBO #666097)